■ GERTRUDE MANDEL, Respondent-Appellant, v. ISRAEL H. MANDEL, Appellant-Respondent.— In an action by a wife for a separation, the appeals are (1) by the husband, as limited by his brief, from so much of a judgment entered after trial as granted a separation on the ground that he failed and neglected to provide adequate support, dismissed on the merits his defenses and counterclaims for a separation, directed him to pay $50 a week, for his wife's support and maintenance, and granted her motion for temporary alimony and counsel fees, and (2) by the wife from so much of the judgment as dismissed on the merits her causes of action based on allegations of cruel and inhuman treatment, constructive abandonment, and willful denial of conjugal rights. Judgment modified upon the law and the facts by striking therefrom the third decretal paragraph and by substituting therefor a paragraph providing that the motion for counsel fees be granted and that the motion for temporary alimony be denied. As so modified, judgment unanimously affirmed, without costs. Findings of fact insofar as they may be inconsistent herewith are reversed, and new findings are made as indicated herein. The motion for temporary alimony and counsel fees was referred to the trial court by an order which directed the husband to continue to pay $25 a week together with all household expenses. The husband in fact continued to furnish such support pending the trial. Upon that consideration and upon all the other relevant facts and circumstances, the motion for temporary alimony should have been denied by the trial court. Present — Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ.

■ KATHERINE T. MURRAY, Respondent, v. AGNES M. DUNNE, Individually and as Administratrix of the Estate of JOHN A. SHEA, Deceased, et al., Appellants.—In a consolidated action and summary proceeding to impress a trust on real property standing in the name of the decedent and to obtain possession of said property, the appeal is from a judgment entered after trial adjudging that appellants, the administratrix and heirs at law of said decedent, hold title to the aforesaid property as trustees for respondent, directing specific performance of the oral trust agreement and the conveyance of the property to the respondent, barring appellants from asserting any claim to any estate or interest in the property, and dismissing the summary proceeding on the merits. Judgment unanimously affirmed, with costs. No opinion. Present — Nolan, P. J., Wenzel, Beldock, Murphy and Kleinfeld, JJ.